Case 3:23CV45 DJH

**FILED**
JAMES J. VILT, JR. - CLERK

JAN 26 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

AO 241 (Rev. 10/07)

Page 1

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western |
|---|---|
| Name (under which you were convicted): Cedric B. McNeil | Docket or Case No.: 12-CR-3738 |
| Place of Confinement: Kentucky State Penetentiary | Prisoner No.: 267275 |
| Petitioner (include the name under which you were convicted) Cedric B. McNeil | v. Respondent (authorized person having custody of petitioner) Scott Jordan |
| The Attorney General of the State of Kentucky | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Jefferson County Circuit Court Louisville, KY

   (b) Criminal docket or case number (if you know): 12-CR-3738

2. (a) Date of the judgment of conviction (if you know): Jan. 2014

   (b) Date of sentencing: Feb. 2014

3. Length of sentence: 28 YRS.

4. In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   1st Degree Robbery, 1st Degree Assault

6. (a) What was your plea? (Check one)
   
   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

Page 2

(2b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Kentucky Supreme Court

(b) Docket or case number (if you know): 2014-SC-000163-MR

(c) Result: Affirmed

(d) Date of result (if you know): Aug. 20, 2015

(e) Citation to the case (if you know):

(f) Grounds raised: 1. The trial court erred when it found a car to be A Dagerous instrument As a matter of law.

2. The first degree Assault instruction in this case did not require the Jury to find every element beyond a reasonable doubt

3. Double Jeopardy, 4. Hearsay, 5. Deprive Right to unanimous verdict

(g) Did you seek further review by a higher state court? ☐ Yes ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Lyon County Circuit Court

(2) Docket or case number (if you know): 20-CI-00032

(3) Date of filing (if you know):

(4) Nature of the proceeding: State Habeas

(5) Grounds raised: No Criminal Complaint

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Affirmed

(8) Date of result (if you know): 4-21-2020

AO 241 (Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Jefferson County Circuit Court

    (2) Docket or case number (if you know): 2019-CA-1668

    (3) Date of filing (if you know): Nov. 30, 2015

    (4) Nature of the proceeding: 11.42

    (5) Grounds raised: Ineffective Assistance of Counsel Failed to Investigate

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☒ Yes    ☐ No

    (7) Result: Affirmed

    (8) Date of result (if you know): Oct. 3, 2019

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 5

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☒ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Double Jeopardy, 5th Amend. U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the course of committing a theft, A nonParticiPant in the crime was injured. At which point, the theft was elevated to robbery. Cedric McNeil was subjected to Double Jeopardy two times. First, when the state court failed to merge the Assault and robbery convictions. Next, when the convictions caused him to recieve cumulative Punishments in violation of his Protection from statute based Double Jeopardy

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)                                                                                                                        Page 7

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes   ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

AO 241 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

Page 9

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea: D

    (c) At trial: Joshua Roberts

    (d) At sentencing: Joshua Roberts

    (e) On appeal: Joshua Reho

    (f) In any post-conviction proceeding: Whitney Wallace

    (g) On appeal from any ruling against you in a post-conviction proceeding: Whitney Wallace

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    11.42 (Discretionary Review) became final Sept. 2022

AO 241 (Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 15

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Mr. McNeil respectfully requests that this court vacate the assault conviction that occurred in this case and order that the charge be dismissed with prejudice or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  1-12-23  (month, date, year).

Executed (signed) on  1-12-23  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Cedric McNeil #267215
KSP 4-315
266 Water St.
Eddyville, KY 42038

Clerk's Office
601 W. Broadway Rm 106
Gene Snyder U.S. Courthouse
Louisville, KY 40202

FILED
JAMES J. VILT, JR. - CLERK
JAN 26 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY